## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| MONIQUE O'NEAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:17-CV-02172-JAR-KGS |
| | ) | |
| CENTENE MANAGEMENT | ) | |
| COMPANY, LLC D/B/A SUNFLOWER | ) | |
| HEALTH PLAN, | ) | |
| | ) | |
| Defendant. | ) | |

### ANSWER OF CENTENE MANAGEMENT COMPANY, LLC
### TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Centene Management Company, LLC, for its answer to plaintiff Monique O'Neal's ("Ms. O'Neal") First Amended Complaint ("complaint"), states as follows:

### NATURE OF THE CASE

1.      Centene admits that it employed Ms. O'Neal.  The remaining allegations in paragraph 1 of Ms. O'Neal's complaint are denied. By way of further answering, Centene Management Company affirmatively asserts that it and the Sunflower Health Plan are separate entities and that Sunflower Health Plan is not a d/b/a of Centene.

2.      Centene admits that plaintiff purports to seek relief under the Americans with Disabilities Act (ADA), but denies that she was subjected to unlawful discrimination.  Centene further denies she is entitled to any relief under the ADA.

3.      Centene admits that plaintiff purports to seek relief under the Family Medical Leave Act (FMLA), but denies that she is entitled to any relief under the FMLA.

### PARTIES

4.      Centene admits the allegations in paragraph 4 of Ms. O'Neal's complaint.

5.      Paragraph 5 in Ms. O'Neal's complaint states a legal conclusion to which no response is required.  To the extent a response is required, Centene denies the allegations in paragraph 5 of Ms. O'Neal's complaint.

6.      Centene admits that it is a Wisconsin entity.  The remaining allegations in paragraph 6 of Ms. O'Neal's complaint are denied.

7.      Paragraph 7 of Ms. O'Neal's complaint states a legal conclusion to which no response is required.  To the extent further response is required, Centene denies that Sunflower employed plaintiff, and thus denies the remaining allegations in paragraph 7 of Ms. O'Neal's complaint.

8.      Paragraph 8 of Ms. O'Neal's complaint states a legal conclusion to which no response is required.  To the extent further response is required, Centene denies the allegations.

## JURISDICTION AND VENUE

9.      Centene admits the allegations in paragraph 9 of Ms. O'Neal's complaint.

10.     Paragraph 10 of Ms. O'Neal's complaint states a legal conclusion to which no response is required.  To the extent a response is required, Centene admits that Sunflower conducts business in Kansas.  The remaining allegations are denied.

11.     Paragraph 11 of Ms. O'Neal's complaint states a legal conclusion to which no response is required.  To the extent a response is required, Centene does not dispute that the Court has subject matter jurisdiction over plaintiff's claims.  To the extent further response is required, the allegations are denied.

12.     Paragraph 12 of Ms. O'Neal's complaint states a legal conclusion to which no response is required.  To the extent a response is required, Centene does not dispute venue.  The remaining allegations are denied.

## ADMINISTRATIVE PROCEEDINGS

13.    Centene is without sufficient knowledge or information to either admit or deny the allegations in paragraph 13 of Ms. O'Neal's complaint and, therefore, leave Ms. O'Neal to her proofs.

14.    Centene is without sufficient knowledge or information to either admit or deny the allegations in paragraph 14 of Ms. O'Neal's complaint and, therefore, leave Ms. O'Neal to her proofs.

15.    Centene admits the allegations in paragraph 15 of Ms. O'Neal's complaint.

## FACTUAL ALLEGATIONS

16.    Centene denies the allegations in paragraph 16 of Ms. O'Neal's complaint.

17.    Centene admits that Ms. O'Neal purportedly took FMLA leave in 2014.  Centene is without sufficient knowledge or information to either admit or deny the remaining allegations in paragraph 17 of Ms. O'Neal's complaint and, therefore, leave Ms. O'Neal to her proofs.

18.    Centene denies the allegations in paragraph 18 of Ms. O'Neal's complaint.

19.    Centene denies the allegations in paragraph 19 of Ms. O'Neal's complaint.

20.    Centene denies the allegations in paragraph 20 of Ms. O'Neal's complaint.

21.    Centene denies the allegations in paragraph 21 of Ms. O'Neal's complaint.

22.    Centene denies the allegations in paragraph 22 of Ms. O'Neal's complaint.

23.    Centene denies the allegations in paragraph 23 of Ms. O'Neal's complaint.

24.    Centene denies the allegations in paragraph 24 of Ms. O'Neal's complaint.

25.    Centene denies the allegations in paragraph 25 of Ms. O'Neal's complaint.

26.    Centene is without sufficient knowledge or information to either admit or deny the allegations in paragraph 26 of Ms. O'Neal's complaint and therefore, denies the same.

27.     Centene is without sufficient knowledge or information to either admit or deny the allegations in paragraph 27 of Ms. O'Neal's complaint and, therefore denies the same.

28.     Centene denies the allegations in paragraph 28 of Ms. O'Neal's complaint.

29.     Centene admits that on or about June 1, 2016, plaintiff was given a written last chance to comply with Centene's policies, and that she was warned about her multiple violations of company policy, including but not limited to, using inappropriate language while on a personal call.  To the extent further response is required, the remaining allegations in paragraph 29 of Ms. O'Neal's complaint are denied.

30.     Centene admits that Ms. O'Neal made and received calls that were not business related.  To the extent further response is required, the remaining allegations in paragraph 30 of Ms. O'Neal's complaint are denied.

31.     Centene denies the allegations in paragraph 31 of Ms. O'Neal's complaint.

32.     Centene denies the allegations in paragraph 32 of Ms. O'Neal's complaint.

33.     Centene denies the allegations in paragraph 33 of Ms. O'Neal's complaint.

34.     Centene denies the allegations in paragraph 34 of Ms. O'Neal's complaint.

35.     Centene is without sufficient knowledge or information to either admit or deny the allegations in paragraph 35 of Ms. O'Neal's complaint and accordingly denies the same.

36.     Centene is without sufficient knowledge or information to either admit or deny the allegations in paragraph 36 of Ms. O'Neal's complaint and accordingly denies the same.

37.     Centene is without sufficient knowledge or information to either admit or deny the allegations in paragraph 37 of Ms. O'Neal's complaint and accordingly denies the same.

38.     Centene is without sufficient knowledge or information to either admit or deny the allegations in paragraph 38 of Ms. O'Neal's complaint and accordingly denies the same.

39.     Centene denies the allegations in paragraph 39 of Ms. O'Neal's complaint.

40.     Centene is without sufficient knowledge or information to either admit or deny the allegations in paragraph 40 of Ms. O'Neal's complaint and, therefore, denies the same.

41.     Centene is without sufficient knowledge or information to either admit or deny the allegations in paragraph 41 of Ms. O'Neal's complaint and, therefore, denies the same.

42.     Centene is without sufficient knowledge or information to either admit or deny the allegations in paragraph 42 of Ms. O'Neal's complaint and, therefore, denies the same.

43.     Centene denies the allegations in paragraph 43 of Ms. O'Neal's complaint.

44.     Centene denies the allegations in paragraph 44 of Ms. O'Neal's complaint.

45.     Centene denies the allegations in paragraph 45 of Ms. O'Neal's complaint.

46.     Centene denies the allegations in paragraph 46 of Ms. O'Neal's complaint.

47.     Centene denies the allegations in paragraph 47 of Ms. O'Neal's complaint.

48.     Centene denies the allegations in paragraph 48 of Ms. O'Neal's complaint.

49.     Centene denies the allegations in paragraph 49 of Ms. O'Neal's complaint.

50.     Centene denies the allegations in paragraph 50 of Ms. O'Neal's complaint.

51.     Centene denies the allegations in paragraph 51 of Ms. O'Neal's complaint.

52.     Centene denies the allegations in paragraph 52 of Ms. O'Neal's complaint.

53.     Paragraph 53 of Ms. O'Neal's complaint states a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

<u>**COUNT I**</u>
**Americans with Disabilities Act – Disability Discrimination Failure to Accommodate**

54.     Centene incorporates herein by reference the answers set forth in paragraphs 1 through 53 above as though fully set forth herein.

55.     Paragraph 55 of Ms. O'Neal's complaint states a legal conclusion to which no response is required.  To the extent a response is required, Centene states that the ADA speaks for itself and is the best evidence of its own terms.  To the extent further response is required, the allegations are denied.

56.     Centene denies the allegations in paragraph 56 of Ms. O'Neal's complaint.

57.     Centene denies the allegations in paragraph 57 of Ms. O'Neal's complaint.

58.     Centene denies the allegations in paragraph 58 of Ms. O'Neal's complaint.

59.     Centene denies the allegations in paragraph 59 of Ms. O'Neal's complaint.

60.     Centene denies the allegations in paragraph 60 of Ms. O'Neal's complaint.

61.     Centene denies the allegations in paragraph 61 of Ms. O'Neal's complaint.

62.     Centene denies the allegations in paragraph 62 of Ms. O'Neal's complaint.

63.     Centene denies the allegations in paragraph 63 of Ms. O'Neal's complaint

64.     Centene denies the allegations in paragraph 64 of Ms. O'Neal's complaint.

65.     Centene denies the allegations in paragraph 65 of Ms. O'Neal's complaint.

66.     Centene denies the allegations in paragraph 66 of Ms. O'Neal's complaint.

67.     Centene denies the allegations in paragraph 67 of Ms. O'Neal's complaint.

68.     Centene denies the allegations in paragraph 68 of Ms. O'Neal's complaint.

WHEREFORE, having fully answered Count I in Ms. O'Neal's complaint, defendant Centene Management Company, LLC prays that plaintiff take nothing by way of her complaint, for its costs and fees expended and incurred herein, and for such other and further relief as the Court deems just and proper.

## COUNT II
### Americans with Disabilities Act – Retaliation

69.     Centene incorporates herein by reference the answers set forth in paragraphs 1 through 68 above as though fully set forth herein.

70.     Centene denies the allegations in paragraph 70 of Ms. O'Neal's complaint.

71.     Centene denies the allegations in paragraph 71 of Ms. O'Neal's complaint.

72.     Centene denies the allegations in paragraph 72 of Ms. O'Neal's complaint.

73.     Centene denies the allegations in paragraph 73 of Ms. O'Neal's complaint.

74.     Centene denies the allegations in paragraph 74 of Ms. O'Neal's complaint.

75.     Centene denies the allegations in paragraph 75 of Ms. O'Neal's complaint.

WHEREFORE, having fully answered Count II in Ms. O'Neal's complaint, defendant Centene Management Company, LLC prays that plaintiff take nothing by way of her complaint, for its costs and fees expended and incurred herein, and for such other and further relief as the Court deems just and proper.

## COUNT III
### Violation of FMLA, 29 U.S.C. §2601, et seq.

76.     Centene incorporates herein by reference the answers set forth in paragraphs 1 through 75 above as though fully set forth herein.

77.     Paragraph 77 in Ms. O'Neal's complaint states a legal conclusion to which no response is required.  To the extent a response is required, Centene admits that it employed Ms. O'Neal.  To the extent further response is required, the remaining allegations in paragraph 77 of plaintiff's complaint are denied.

78.     Paragraph 78 in Ms. O'Neal's complaint states a legal conclusion to which no response is required.  Further, the statutes cited by Ms. O'Neal speak for themselves.  To the

extent further response is required, Centene admits that it employed Ms. O'Neal and employs 50 or more employees.  To the extent further response is required, the remaining allegations in paragraph 78 of plaintiff's complaint are denied.

79.     Centene is without sufficient knowledge or information to either admit or deny the allegations in paragraph 79 of Ms. O'Neal's complaint and, therefore, denies the same.

80.     Centene denies the allegations in paragraph 80 of Ms. O'Neal's complaint.

81.     Centene admits the allegations in paragraph 81 of Ms. O'Neal's complaint.

82.     Centene admits the allegations in paragraph 82 of Ms. O'Neal's complaint.

83.     Centene admits the allegations in paragraph 83 of Ms. O'Neal's complaint.

84.     Centene denies the allegations in paragraph 84 of Ms. O'Neal's complaint.

85.     Centene denies the allegations in paragraph 85 of Ms. O'Neal's complaint.

86.     Paragraph 86 in Ms. O'Neal's complaint states a legal conclusion to which no response is required.  To the extent further response is required, Centene is without sufficient knowledge or information to either admit or deny the allegations in paragraph 86 of Ms. O'Neal's complaint and therefore, leave Ms. O'Neal to her proofs.

87.     Paragraph 87 in Ms. O'Neal's complaint states a legal conclusion to which no response is required.  To the extent further response is required, Centene is without sufficient knowledge or information to either admit or deny the allegations in paragraph 87 of Ms. O'Neal's complaint and therefore, leave Ms. O'Neal to her proofs.

88.     Centene denies the allegations in paragraph 88 of Ms. O'Neal's complaint.

89.     Paragraph 89 in Ms. O'Neal's complaint states a legal conclusion to which no response is required.  To the extent a response is required, Centene admits that the FMLA speaks for itself.  Centene denies the remaining allegations in paragraph 89 of Ms. O'Neal's complaint.

90.     Paragraph 90 in Ms. O'Neal's complaint states a legal conclusion to which no response is required.  To the extent a response is required, Centene admits that the FMLA speaks for itself.  Centene denies the remaining allegations in paragraph 90 of Ms. O'Neal's complaint.

91.     Centene denies the allegations in paragraph 91 of Ms. O'Neal's complaint.

92.     Centene denies the allegations in paragraph 92 of Ms. O'Neal's complaint.

93.     Centene denies the allegations in paragraph 93 of Ms. O'Neal's complaint.

94.     Centene denies the allegations in paragraph 94 of Ms. O'Neal's complaint.

95.     Centene denies the allegations in paragraph 95 of Ms. O'Neal's complaint.

96.     Centene denies the allegations in paragraph 96 of Ms. O'Neal's complaint.

97.     Centene denies the allegations in paragraph 97 of Ms. O'Neal's complaint.

98.     Centene denies the allegations in paragraph 98 of Ms. O'Neal's complaint.

99.     Centene denies the allegations in paragraph 99 of Ms. O'Neal's complaint. Centene further denies that Ms. O'Neal is entitled to any of the relief she requests in subparagraphs A-D.

WHEREFORE, having fully answered Count III in Ms. O'Neal's complaint, defendant Centene Management Company, LLC prays that plaintiff take nothing by way of her complaint, for its costs and fees expended and incurred herein, and for such other and further relief as the Court deems just and proper.

## AFFIRMATIVE AND OTHER DEFENSES

Centene Management Company, LLC, for its affirmative and other defenses to all counts in plaintiff's complaint, respectfully states:

1.      Centene specifically denies each and every allegation in Ms. O'Neal's complaint not specifically admitted herein.  Centene denies that plaintiff was employed by Sunflower.

2.      Even if plaintiff could show facts supporting discrimination, failure to accommodate, or retaliation claims, Centene cannot be held liable because plaintiff did not avail herself of Centene's anti-harassment, anti-discrimination, and accommodation policies.

3.      Ms. O'Neal's complaint fails in whole or in part to state a claim upon which relief may be granted.

4.      Ms. O'Neal's prayer for relief fails to the extent that plaintiff has not mitigated her damages as required by law, and to the extent plaintiff has mitigated her damages, Centene is entitled to offset those amounts.

5.      Ms. O'Neal's claims are barred in whole or in part by the doctrines of waiver, estoppel, laches, and/or unclean hands.  All alleged actions, events, injuries and/or damages complained of by plaintiff, the existence of which are denied by Centene were, if they occurred, wholly or in part the result of Ms. O'Neal's own fault.

6.      Ms. O'Neal's claims are barred in whole or in part by her failure to exhaust her administrative remedies and/or prerequisites.  Ms. O'Neal's complaint exceeds the scope of her administrative complaints.  Further, to the extent plaintiff makes allegations or claims with respect to a time period more than 180 or 300 days before plaintiff allegedly filed a charge with the EEOC, or which were not made the subject of a timely EEOC charge, such allegations or claims are barred.  42 U.S.C. §§2000(e)-5(c)-(e).

7.      Ms. O'Neal has not incurred any damages to which Centene may be lawfully held responsible.

8.      Ms. O'Neal's claims for compensatory and punitive damages and other relief are subject to all applicable statutory caps and limitations.

9.      Ms. O'Neal's claims for punitive damages are barred by and violate the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution because the procedures for assessing punitive damages, facially and as applied to the facts of this case violate constitutional due process requirements.

10.     To the extent that Ms. O'Neal is seeking punitive damages, those claims are barred because Centene did not engage in discriminatory or retaliatory conduct with malice or reckless indifference toward Ms. O'Neal, and Centene exercised reasonable care and made good faith efforts to prevent discrimination and retaliatory conduct in accordance with all applicable laws.

11.     Centene's acts and omissions were undertaken in good faith, for good cause and based upon reasonable factors other than unlawful discrimination and retaliation.

12.     Ms. O'Neal's claims are frivolous and without foundation in law or fact, and Centene is entitled to its costs and attorney's fees in defending this action.

13.     Centene avers that even if Ms. O'Neal could prove that she was discriminated or retaliated against, which Centene denies, it would have made the same decision due to legitimate non-discriminatory and non-retaliatory reasons.  Similarly, Centene would have made the same decision to terminate Ms. O'Neal regardless of Ms. O'Neal requesting or taking FMLA leave.

14.     Centene's conduct was not discriminatory, willful, retaliatory, reckless, extreme or outrageous.  Centene did not violate of any of Ms. O'Neal's legal rights.

15.     Ms. O'Neal did not suffer severe, medically significant, medically diagnosable emotional distress.

16.     Ms. O'Neal failed to provide proper notice to take FMLA leave.

17.     Centene asserts the after-acquired evidence doctrine.

18.     Centene reserves the right to amend its pleadings to assert additional defenses; including affirmative defenses as such become known or ascertained through the course of discovery and further investigation.

WHEREFORE, having fully answered Ms. O'Neal's complaint, defendant Centene Management Company, LLC prays that plaintiff take nothing by way of her complaint, for its costs and fees expended and incurred herein, and for such other and further relief as the Court deems just and proper.

Respectfully Submitted,

ARMSTRONG TEASDALE LLP

BY:  *s/  Dione C. Greene*
         Robert A. Kaiser,              MO #31410
         7700 Forsyth Blvd., Suite 1800
         St. Louis, Missouri 63105
         314.621.5070
         314.621.5065 (facsimile)
         rkaiser@armstrongteasdale.com

         Dione C. Greene              KS #23010
         2345 Grand Blvd., Suite 1500
         Kansas City, Missouri   64108
         816.221.3420
         816.221.0786 (facsimile)
         dgreene@armstrongteasdale.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

This is to certify that on October 13, 2017, a true and accurate copy of the above and foregoing was e-filed with the Court using the CM/ECF system which sent notification to all parties entitled to service.

*s/  Dione C. Greene*

12