# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MONIQUE O'NEAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 17-2172-JAR |
| | ) |
| CENTENE MANAGEMENMT | ) |
| COMPANY, LLC d/b/a SUNFLOWER | ) |
| HEALTH PLAN, | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

This matter comes before the court upon plaintiff's Motion to Quash Defendant's Subpoena to Sprint (ECF No. 27). For following reasons, this motion is denied.

This is an employment discrimination action. Plaintiff asserts claims of disability discrimination and retaliation under the Americans with Disabilities Act, and retaliation under the Family and Medical Leave Act. On January 10, 2018, defendant filed a notice it would serve a subpoena duces tecum on Sprint Corporation. The subpoena sought information related to the plaintiff's cell phone, particularly all text message data, call logs and call data from July 1, 2013 to July 7, 2016.

Plaintiff filed the instant motion to quash on January 23, 2018. Plaintiff contends that the subpoena is overly broad and violates her privacy rights. Defendant initially argues in response that plaintiff's motion is moot because the records retained and provided by Sprint do not contain "content" and are limited to a time period within one month of plaintiff's termination. Defendant next argues that (1) plaintiff's phone records are relevant; and (2) plaintiff has not satisfied her burden to justify quashing the subpoena.

As an initial matter, the court considers whether plaintiff has fulfilled her obligation to confer before filing the instant motion. Although Fed.R.Civ.P. 45 itself imposes no duty to confer, the District of Kansas has imposed such a duty by local rule.[1] D. Kan. Rule 37.2 provides:

> The court will not entertain any motion to resolve a discovery dispute pursuant to Fed.R.Civ.P. 26 through 37, or a motion to quash or modify a subpoena pursuant to Fed.R.Civ.P. 45(c), unless counsel for the moving party has conferred or has made reasonable effort with opposing counsel concerning the matter in dispute prior to filing of the motion. Every certification required by Fed.R.Civ.P. 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes shall describe with particularity the steps taken by all counsel to resolve the issues in dispute.

The purpose of the conference requirement is to encourage resolution of disputes without judicial involvement. Plaintiff does not address whether reasonable efforts to confer were made. The motion reveals no efforts to confer in good faith. Plaintiff has filed no separate certification of compliance with the conference requirement of D.Kan.Rule 37.2. Had plaintiff's counsel put forth adequate efforts to confer, the present dispute could have been resolved, therefore saving judicial resources. Accordingly, the court finds that the motion should be denied for failure to confer.

Moreover, based upon the arguments asserted by defendant, the court has some concerns regarding whether plaintiff's motion is now moot. Defendant has suggested that Sprint produced only the phone records of plaintiff from June 20, 2016 to July 7, 2016. Defendant notes that it is not seeking any other phone records of plaintiff. In addition, defendant notes that the phone records provided by Sprint do not contain any content. Defendant states that the records show (1) phone numbers of plaintiff's incoming/outgoing phone calls, (2) the time of the calls, (3) destination of the calls, (4) the date of the calls, and (5) the duration of each call. Defendant indicates that nothing was provided concerning plaintiff's browsing history, websites visited, or

---

[1] See D.Kan.Rule 37.2.

political views. The court does not reach this issue due to plaintiff's failure to confer, but the information provided by defendant suggests that this matter may be moot.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Quash Defendant's Subpoena to Sprint (ECF No. 27) is denied.

**IT IS SO ORDERED.**

Dated this 22nd day of February, 2018, at Topeka, Kansas.

s/ K. Gary Sebelius  
K. Gary Sebelius  
U.S. Magistrate Judge